IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC JACKSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-2069 |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION | § | |
| COMMISSIONER , | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Isaac Jackson, proceeding *pro* se, filed a Complaint [Doc. #1] on July 15, 2015, seeking judicial review of the denial of Social Security benefits by Defendant, the Commissioner of the Social Security Administration. On June 9, 2016, the Court dismissed the case as time-barred. Memorandum and Order [Doc. # 12]; Final Dismissal Order [Doc. # 13]. On June 17, 2016, Plaintiff filed a Motion for Reconsideration [Doc. # 15]. Having considered the motion and all matters of record, the Court concludes that the Motion for Reconsideration should be **denied**.[1]

---

[1] Despite the issuance of a dismissal order on June 9, 2016, Defendant filed a Motion for Summary Judgment [Doc. # 14] on June 17, 2016. The Motion for Summary Judgment will be **denied** as moot.

Although Plaintiff's Motion does not cite particular authority for reconsideration, the Court will analyze his motion under the standards of Federal Rule of Procedure 59(e) because he filed the Motion within twenty-eight days of judgment.[2] Rule 59(e) permits a litigant to file a motion to "alter or amend a judgment." FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy" that should be used "sparingly," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring manifest errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). *See Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011). A Rule 59(e) motion cannot be used to argue a case under a new legal theory. *Balakrishnan*, 452 F. App'x at 499 (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). Also, a Rule 59 motion "is not the proper vehicle for rehashing evidence,

---

[2]  The timing of Plaintiff's motion challenging the Court's ruling determines how the Court should evaluate the motion:

> A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60. Here, the relevant motion was filed within the applicable twenty-eight day time frame, and we thus consider it as a motion to amend the judgment under Rule 59(e).

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012).

legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. *See Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009).

Plaintiff's Motion does not raise any fact or legal theory that merits reconsideration under Rule 59. This Court's previous opinion held that Plaintiff's claim is time-barred under 42 U.S.C. § 405(g). This Court lacks the power to decide this dispute, as the Court is without subject matter jurisdiction. *See* 42 U.S.C. § 405(h). Plaintiff's Motion identifies no newly discovered evidence or error that establishes a manifest error of law or fact in the Court's previous ruling. Plaintiff's Motion therefore will be denied.[3]

Finally, Defendant's Motion for Summary Judgment [Doc. # 14] is moot, because it was filed after the Court entered its Final Dismissal Order [Doc. # 13] denying all of Plaintiff's claims.

For all of the forgoing reasons, it is hereby

**ORDERED** that the Motion for Reconsideration is **DENIED**. It is further

---

[3] Plaintiff's Motion for Reconsideration raises arguments contesting the Court's ruling under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff argues that in fact he adequately prosecuted this lawsuit. The Court need not address these arguments because, even assuming Plaintiff's arguments are accurate, they would be insufficient to justify relief. As held above, this Court lacks subject matter jurisdiction.

**ORDERED** that the Defendant's Motion for Summary Judgement is **DENIED as moot.**

SIGNED at Houston, Texas, this **1st** day of **July, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE